# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. |
| JAKE DELAHNEY TAYLOR | § § | **G 19 0023** |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

United States Courts
Southern District of Texas
F I L E D

**DEC 11 2019**

David J. Bradley, Clerk of Court

At all times material to this Indictment:

1.      The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as

"any person under the age of eighteen years."

2.      The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title

18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)      the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3.      The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code,

Section 2256(2)(A), as any:

> "actual or simulated -
> (i)      sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii)      bestiality; [or]
> (iii)      masturbation; [or]
> (iv)      sadistic or masochistic abuse; or
> (v)      [the] lascivious exhibition of the genitals or pubic area of any person."

1

4.     The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6)

and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.     The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18,

United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.     The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section

2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, [and] data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Sexual Exploitation of a Child)

On or about April 1, 2017 through on or about April 5, 2017, within the Southern District of

Texas,

**JAKE DELAHNEY TAYLOR,**

defendant herein, did employ, use, persuade, induce, entice and coerce and attempted to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means, including by computer.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

2

## COUNT TWO
### (Possession of Child Pornography)

On or about August 17, 2018, within the Southern District of Texas,

### JAKE DELAHNEY TAYLOR,

defendant herein, did knowingly possess material that contained an image of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed a Samsung Galaxy S5, IMEI 353502068684974 and a Samsung Galaxy S5 IMEI 353502064604661; which contained still images and videos of child pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## COUNT THREE
### (Destruction of Property)

On or about August 17, 2018, within the Southern District of Texas,

### JAKE DELAHNEY TAYLOR,

defendant herein, before the search for and seizure of property by Homeland Security Investigations Special Agent DeWayne Lewis, a person authorized to make such search and seizure, did knowingly attempt to destroy, damage, waste, dispose of, transfer and otherwise take any action, for the purpose of preventing and impairing the Government's lawful authority to take said property into its custody and control.

**In violation of Title 18, United States Code, Section 2232(a).**

## NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Count One and Count Two of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Count One and Count Two; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One and Count Two, or any property traceable to such property, including, but not limited to, the following:

A Samsung Galaxy S5, IMEI 353502068684974; and

A Samsung Galaxy S5 IMEI 353502064604661.

A True Bill:

ORIGINAL SIGNATURE ON FILE
Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

By:

Zahra Jivani Fenelon
Assistant United States Attorney
713-567-9309

4